IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-00400-BO

**Peri Akozer,**

            Plaintiffs,

v.

**Bohler Engineering NC, LLC,**

            Defendant.

**Order**

    Defendant Bohler Engineering NC has filed a motion asking the court to stay the parties' Rule 26(f) meeting and discovery pending resolution of its motion to dismiss. D.E. 7, 13. The motion to stay contends that the determination of the motions to dismiss could conclude the action entirely. D.E. 13. So some of the time and expense attendant to discovery may be unnecessary. *Id*. Plaintiff does not oppose the motion to stay. *Id*.

    "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a case dispositive motion. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). The moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

    With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the

motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Until the court resolves the pending motion to dismiss, it is uncertain what discovery may be required. The resolution of the motion may motion may eliminate the need for discovery or reduce its scope. The Defendant has offered plausible reasons in support of its motion to dismiss. And Plaintiff's response, once filed, may similarly offer persuasive contentions. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the motion to dismiss. If the motion is granted, even in part, some or all the time and resources devoted to discovery may be for naught. Given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the motion to dismiss.

After balancing the relevant factors, the court finds that there is good cause to stay discovery. So the court grants the motion to stay (D.E. 13) and orders that, unless they agree otherwise, the parties may not conduct discovery until the court resolves a motion to dismiss. If court the denies the motion to dismiss, in whole or in part, the parties must confer and submit a Rule 26(f) report within 14 days from the entry of the order on the motion.

Dated: October 17, 2023

_____
Robert T. Numbers, II
United States Magistrate Judge